# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

| | |
|---|---|
| NICHOLAS LACY,            ) | |
|                             ) | |
|      Petitioner,            ) | |
|                             ) | CIVIL ACTION NO. 5:20-00463 |
| v.                                  ) | |
|                             ) | |
| D.L. YOUNG, Warden,     ) | |
|                             ) | |
|      Respondent.           ) | |

## **PROPOSED FINDINGS AND RECOMMENDATION**

On July 8, 2020, Petitioner, acting *pro se*, filed his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Document No. 2).[1] In his Petition, Petitioner complains that his due process rights were violated during disciplinary proceedings. (Id.) First, Petitioner alleges that his due process rights were violated when "CO J. Guerrero submitted a 'false' Incident Report 3196149 and [Chain of Custody] Log Form." (Id., p. 6.) Petitioner explains that CO Guerrero stated that he discovered a black ZTE brand cell phone under Petitioner's bed on November 27, 2018. (Id.) Petitioner, however, states that CO Guerrero's Chain of Custody Form identified a black Samsung Galaxy cell phone. (Id.) Second, Petitioner argues that "DHO N. Mullins and Mid-Atlantic Regional Director Harmon failed in their professional responsibility to adequately review, critique, and examine the specific contents of Incident Report 3196149 and the Chain of Custody Log Form." (Id.) Petitioner argues that if DHO Mullins had adequately reviewed the Incident Report, Chain of Custody Log Form, and the evidence, he would have determined that Petitioner was "charged with a non-existent cell phone" because the Incident Report makes no

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

reference to a black Samsung Galaxy cell phone. (Id.) Finally, Petitioner appears to argue there was insufficient evidence to support DHO Mullin's finding that Petitioner violated Offense Code 108. (Id.) Again, Petitioner explains that there was "no evidence whatsoever of a black ZTE brand cell phone in the Chain of Custody Log Form or evidence log form." (Id.) As relief, Petitioner requests that the BOP be ordered to "vacate and expunge Incident Report 3196149 from Petitioner's Central File and reinstate the loss or forfeiture of any good conduct time days sanctioned by DHO N. Mullins." (Id., p. 7.) As Exhibits, Plaintiff attaches a copy of his Central Office Administrative Remedy Appeal dated August 16, 2019. (Id., pp. 10 - 11.)

By Order entered on July 16, 2020, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of Habeas Corpus sought by the Petitioner in this case should not be granted. (Document No. 6.) On July 27, 2020, Respondent filed his Response to the Order to Show Cause. (Document No. 7.) Respondent argues that Petitioner's Petition should be denied based upon the following: (1) "Petitioner received the rights afford pursuant to Wolff" (Id., pp. 8 – 9); (2) There was sufficient evidence to support the DHO's findings (Id., pp. 9 – 11); and (3) Petitioner suffered no prejudice from the chain of custody error (Id., pp. 11 – 12).

As Exhibits, Respondent attaches the following: (1) The Declaration of Nicholas Mullins (Document No. 7-1, pp. 2 - 6); (2) A copy of Petitioner's "Inmate History Adm-Rel" dated July 22, 2020 (Id., pp. 8 - 10); (3) A copy of Incident Report No. 3196149 dated November 28, 2018 (Id., pp. 12 – 13); (4) A copy of Petitioner's "Inmate Rights at Disciplinary Hearing" form dated November 30, 2018 (Id., p. 15); (5) A copy of the "Notice of Discipline Hearing Before the DHO" form dated November 30, 2018 (Id., p. 17); (6) A copy of the second "Notice of

Discipline Hearing Before the DHO" form dated December 12, 2018 (Id., p. 19); (7) A copy of the Discipline Hearing Officer Report dated March 15, 2019 (Id., pp. 21 – 25.); and (8) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" dated July 21, 2020 (Id., pp. 27 – 28.).

By Order and Notice entered on July 28, 2020, the undersigned advised Petitioner of his right to file a Reply to Respondent's Response. (Document No. 10.) On August 17, 2020, Petitioner filed his Reply. (Document No. 11.) First, Petitioner disputes that he received all rights afford pursuant to Wolff. (Id.) For the first time, Petitioner contends that K. Bullock never specifically informed Petitioner that his Unit Disciplinary Committee Hearing ("UDC") was being conducted.[2] (Id., pp. 5 – 8.) Petitioner complains that when UDC Bullock appeared at Petitioner's cell on November 30, 2018, Petitioner inquired, "Sir, is this my UDC Hearing?" and UDC Bullock responded, "No, I just came by to talk to you." (Id.) Petitioner complains this resulted in a due process violation because Petitioner "had no idea he was actually conducting the UDC Hearing" and Petitioner did not ask for witnesses to appear at his DHO Hearing. (Id.)

---

[2] The Court finds that the above claim is improperly asserted for the first time in Petitioner's Reply. The undersigned notes that Petitioner failed to file a motion to amend regarding the above claim. Additionally, it does not appear that this claim was properly exhausted. Even briefly considering Petitioner's claim that he was not specifically advised that a UDC Hearing was being conducted, his claim is insufficient to establish a due process violation. Petitioner appears to claim that he was prejudiced by his alleged lack of knowledge that the UDC Hearing was being conducted because at the conclusion he signed a "Notice of Discipline Hearing Before the DHO" form stating that he did not wish to call any witnesses in his upcoming DHO Hearing. Even assuming the Petitioner was unaware that a UDC Hearing was being conducted which caused him to fail to indicate his desire call witnesses, Petitioner fails to establish a due process violation or any prejudice. On December 12, 2018, Petitioner notified staff he wished to have two inmate witnesses for the DHO Hearing. (Document No. 7-1, pp. 3, 17, 19, 21.) A new "Notice of Discipline Hearing Before the DHO" form was completed with information about the two requested witnesses. (Id., p. 19.) Petitioner's requested witnesses were located and presented testimony at Petitioner's DHO Hearing. (Id., p. 21.) Accordingly, Petitioner fails to show any due process violation as he was not denied his right to call witnesses nor did he suffer any prejudice arising from the UDC process.

Petitioner, however, acknowledges that December 12, 2018, Petitioner was provided the opportunity to notify BOP staff that he wanted two witnesses for his DHO Hearing. (Id.) Second, Petitioner continues to argue there was insufficient evidence to support the DHO's findings. (Id., pp. 8 – 17.) Petitioner disputes CO Guerrero's statement that Petitioner was standing by his bed with a black ZTE brand cell phone in his right hand reaching under the locker. (Id.) Although Petitioner acknowledges that he located and handed the cell phone to CO Guerrero, Petitioner then states that "the cell phone was devoid of any fingerprints belonging to Petitioner." (Id.) Petitioner further contends there were no messages or telephone numbers founds on the cell phone that were associated with Petitioner, his family, or friends. (Id.) Petitioner continues to argue that the DHO inappropriately used a Samsung cell phone, not a black ZTE cell phone, to find Petitioner guilty of Offense Code 108. (Id.) Petitioner argues that he was convicted of Offense Code 108 based "on a nonexistent cell phone." (Id.) Petitioner claims that the introduction of the "challenged evidence (Samsung cell phone) rendered the proceeding so fundamentally unfair as to violate due process and discounting the improperly introduced evidence, there was not sufficient substantial evidence to support the disciplinary hearing findings." (Id.) Petitioner further claims that the DHO improperly used the "some evidence" standard, instead of the "substantial evidence" standard. (Id.) Petitioner alleges that the DHO's finding that Petitioner's witnesses "contrived a story together is nothing short of prevarication, fabricated, and undoubtedly prejudicial to Petitioner's defense." (Id.) Finally, Petitioner argues that the error regarding the wrong cell phone was not harmless. (Id., pp. 17 – 23.) Petitioner contends that he "had no prior warning, knowledge, or proper notice that he was being prosecuted at a DHO Hearing for an entirely dissimilar cell phone than the one allegedly found

in Petitioner's possession." (Id.) Petitioner argues that "[t]he government is also mistaken in its reasoning that Petitioner was not affected by the reference to two different brands of cell phones." (Id.)

## DISCUSSION

1. **Due Process Violation Pursuant to Wolff:**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). Although the Fifth Amendment of the United States Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law," the range of protected liberty interests for defendants convicted and confined in prison are significantly reduced for their period of incarceration. See U.S. Const. Amend. XIV, § 1; Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). The fact of conviction implies the defendant's transfer of his liberty to prison officials, who in their broad discretion, administer his sentence. Gaston, 946 F.2d at 343. Nevertheless, "confinement to prison does not strip a prisoner of *all* liberty interests." Gaston v. Taylor, 946 F.2d at 343 (emphasis added).

To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex,

5

442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979)(quoting Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston v. Taylor, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away, expressly or by implication, in the original sentence to confinement." Id. at 343. Such interests, however,

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)(citations omitted). Consequently, in order to establish that a deprivation of his due process rights has occurred, Petitioner must identify a liberty interest which is protected by the Due Process Clause of the United States Constitution. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (holding that an inmate cannot be deprived of a protected liberty interest in good-time credits without procedural due process).

When a disciplinary sanction impacts the duration of a federal inmate's sentence, a protected liberty interest in the inmate's release from confinement is implicated, and minimal procedural guarantees are recognized. Ponte v. Real, 471 U.S. 491, 495, 105 S.Ct. 2192, 2195, 85 L.Ed.2d 553 (1985). The Supreme Court stated what procedure is required at a minimum in Wolff, supra. An inmate subject to administrative disciplinary sanctions impacting the duration of his sentence is entitled (1) to receive advance notice of charges no less than 24 hours before the disciplinary hearing, (2) to present evidence and witnesses in his defense as long as it does not jeopardize institutional safety or correctional goals, and (3) to receive a written statement of the evidence relied upon and the reasons for the disciplinary action. Id., 418 U.S. at 563 - 569, 94 S.Ct. at 2978 - 2981. BOP regulations are clearly written in view of the constitutionally required

minimum, but the failure of prison officials to follow their own internal policies, procedures or regulations alone is insufficient to make out a due process violation when a protected liberty interest is evident as long as the constitutionally required minimum is met. See Myers v. Klevenhager, 97 F.3d 91, 94 (5th Cir 1996); Giovanni v. Lynn, 48 F.3d 908, 913 (5th Cir. 1995), cert. denied, 516 U.S. 860, 116 S.Ct. 167, 133 L.Ed.2d 109 (1995). The undersigned notes additionally that the Supreme Court has indicated that prison regulations are not designed to confer rights on or benefits to inmates. Rather, they are primarily designed to guide correctional officials in the administration of prisons. Sandin v. Conner, 515 U.S. 472, 481-482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Furthermore, "typographical errors in an official document such as an incident report do not support a due-process violation." Lytle v. Warden, FCI Bennettsville, 2018 WL 4560573, * 7 (D.S.C. March 30, 2018), report and recommendation adopted, 2018 WL 4178448 (D.S.C. Aug. 31, 2018); also see Bauer v. Warden FCI Williamsburg, 2017 WL 1284831, * 5 (D.S.C. Jan. 6, 2017), report and recommendation adopted, 2017 WL 318683 (D.S.C. Jan. 23, 2017)(finding that a typographical error "does not amount to a due process violation"). If it is determined that certain aspects of a petitioner's due process rights were violated, relief may still be denied if the petitioner is unable to show that an alleged constitutional violation had "substantial and injurious effect or influence" on the factfinder's determination of guilt. See Brecht v. Abrahamson, 507 U.S. 619, 637-38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); Brown v. Braxton, 373 F.3d 501, 508 (4th Cir. 2004)(applying harmless error review to due process error in prisoner disciplinary proceeding.) Thus, "[r]elief may be granted to a petitioner pursuant to § 2241 if petitioner's . . . due process rights were violated *and* the violation was prejudicial." Rodriguez v. Ratledge, 2017 WL 5899931, * 4 (4th Cir. Nov. 29,

2017)(emphasis added).

  Having thoroughly examined the record in this case, the undersigned finds no indication of error of constitutional magnitude in the disciplinary proceedings. It is clearly evident that in charging and considering Petitioner's violation of Offense Code 108, prison officials adequately adhered to the policies and procedures as prescribed in 28 C.F.R. § 541 and the Bureau of Prisons' Program Statement 5270.07. A review of the record reveals that Petitioner received all of the minimum due process safeguards set forth in Wolff. Petitioner received all documents pertinent to the charges against him, was advised of his rights, and had ample opportunity to present a defense to those charges. The record reveals that Petitioner received written notice of the charges at least 24 hours before the DHO hearing. Specifically, Petitioner received a copy of the re-written Incident Report on November 28, 2018,[3] and the DHO hearing was conducted on December 20, 2018. (Document No. 7-1, pp. 12 – 13.) Petitioner was provided an "Inmate Rights at Discipline Hearing" form and a "Notice of Discipline Hearing Before the DHO" form. (Id., pp. 15, 17, and 19.) Petitioner does not contend that he was denied to opportunity to present evidence or witnesses in his defense. During the DHO hearing, Petitioner confirmed that he did not want a staff representative and Petitioner called two witnesses. (Id., p. 21.) The record reveals that the DHO's decision was entered on December 20, 2018, and Petitioner received a copy of the DHO Report on May 6, 2019. (Id., pp. 21 – 23.) The DHO Report clearly indicated the evidence relied upon and the reasons for the disciplinary action. (Id.) Although Petitioner alleges he was denied due process because there was a discrepancy in the brand of the cell phone identified in the Incident Report and Photo Sheet (ZTE) verses the Chain of Custody Log

---

[3] The initial Incident Report was provided to Petitioner on November 27, 2018. The Incident Report was rewritten, and the rewritten Incident Report was provided to Petitioner on November 28, 2018.

(Samsung Galaxy), such is insufficient to establish a due process violation. As explained above, a typographical error in such documents do not constitute a due process violation. See Lytle, 2018 WL 4560573, at * 7; Bauer, 2017 WL 1284831, at * 5. To the extent Petitioner complains he was denied his right to due process because the Regional Office failed to properly consider his appeal of the DHO's decision, Petitioner's claim is without merit. The undersigned find that "appellate review is not an element of due process." Massey v. Ballard, 2009 WL 2916889 (S.D.W.Va. Sept. 8, 2009)(citing Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983)); also see Moses v. Bledsoe, 2004 WL 3317657, at * 4 (N.D.W.Va. Sept. 28, 2004)(stating "there is no due process right to an appeal process"). Accordingly, the undersigned finds that the Wolff requirements were satisfied.

**2.    Insufficient Evidence:**

Petitioner appears to contend that there was insufficient evidence to support the DHO's decision. (Document Nos. 1 and 11.) Specifically, Petitioner contends that he should not be held accountable for cell phone found in his cell because there was insufficient evidence that the cell phone belonged to Petitioner. (Id.) Petitioner explains that the Incident Report charged him with possession of a black ZTE brand cell phone but CO Guerrero's Chain of Custody Log Form identified a black Samsung Galaxy cell phone. (Id.) Due to the mixed reference of two brands of cell phones, Petitioner argues there was insufficient evidence to support the DHO's finding that Petitioner was guilty of violation Offense Code 108. (Id.) Petitioner further appears to challenge the DHO's finding that Petitioner and one of his witnesses "contrive a story" because Petitioner failed to request any witness during his UDC hearing. (Document No. 11.) Petitioner claims that he did not request a witness during his UDC hearing because he was not aware that a hearing

9

was actually being conducted. (Id.)

The Supreme Court explained that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. Thus, "*Wolff* stands for the proposition that a prisoner is not guaranteed unfettered access to exculpatory evidence in the context of a disciplinary hearing." Johnson v. Warden, FCI Williamburg, 2014 WL 4825926, * 2 (D.S.C. Sept. 24, 2014), aff'd 597 Fed.Appx. 161 (4th Cir. 2015), cert. denied, 577 U.S. 1008, 136 S.Ct. 556, 193 L.Ed.2d 430 (2015). In disciplinary hearings, due process is satisfied when the findings of the disciplinary authority are supported by "some evidence." Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985)("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing.") This standard is "extremely broad in scope and presents a very low burden for prison officials to meet." Tyler v. Hooks, 945 F.3d 159, 171 (4th Cir. 2019), cert. denied, ___ U.S. ___, 140 S.Ct. 2785, 206 L.Ed.2d. 950 (2020). The requirement that the disciplinary authority's findings be supported by "some evidence" "does not in any way imply that prison disciplinary bodies must consider all possible evidence." Landry v. Adams, 2007 WL 869224, * 4 (E.D.Va. March 19, 2007)(finding petitioner's due process rights were not violated by the unavailability of surveillance video evidence). The Fourth Circuit has explained that in distinguishing "some evidence" from "no evidence," "some evidence" must "possess at least some minimal probative value if it is to be found adequate to satisfy the requirement of the Due Process Clause." Tyler, 945 F.3d at 171(granting *habeas* relief "due to a

total absence of evidence in the record, even under the 'some evidence' standard."). When reviewing a prison disciplinary hearing, however, "it is not the job of the courts to assess the weight of the evidence" but "only to determine whether the guilty finding has support of some fact or any evidence at all." Masengale v. Streeval, 2020 WL 4227559, *4 (W.D.Va. July 23, 2020). As the Supreme Court noted in Hill:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Hill, 472 U.S. at 455-56, 105 S.Ct. at 2773-74.

The undersigned finds that prison staff and the DHO acted fully within their discretion in developing the evidence which resulted in the finding that Petitioner was guilty of violating Offense Code 108. The finding was supported by the evidence and the imposed sanctions were lawful and appropriate. In addition to the Incident Report, the DHO considered Officer Guerrero's statement as contained in the Incident Report, Petitioner's statement, two inmate witnesses' statement, the Chain of Custody Log dated November 27, 2018, and the Photo Sheet depicting the cell phone. (Document No. 7-1, pp. 21 - 25.) In finding that Petitioner violated Code 108, the DHO specifically stated that it relied upon the following:

> The DHO finds that on November 27, 2018, at 2:00 a.m. you committed the prohibited act of Possession of a Hazardous Tool (Cellular Phone), Code 108.
>
> The specific evidence relied upon includes the written statement of the reporting staff member, in which J. Guerrero states, "On 11/27/18 around 2:00AM a shakedown was conducted in Unit 5851 room 318. When I entered room 318, I immediately observed inmate Lucy Nicholas Reg# 43001-424 standing by bed 318-3L with a Black ZTE brand cell phone in his right hand reaching under his locker. I ordered inmate Lucy Nicholas to hand over the cell phone device and his ID and he did with no further incident."

> The DHO notes this incident report was re-written and re-processed through the disciplinary process. The processing of this incident report did not violate your due process rights. You were provided sufficient notice concerning the allegations against, and you were able to prepare a defense.
>
> The DHO also considered the Chain of Custody Log which details the chain of custody for the aforementioned contraband and the Photo Sheet showing the visual evidence of the aforementioned contraband.
>
> The DHO took into account your statement in which you denied Possession of a Hazardous Tool stating, "It's not my phone. I did hand him a phone but I picked it up off the floor. There was another inmate right there, it could have been his."
>
> The DHO considered the statement of inmate [Inmate No. 1 redacted], the inmate you called as a witness, who stated, "I have no details of the incident." Your witness's statement does not provide any exculpatory evidence that the cellular phone belonged to you.
>
> The DHO considered the statement of inmate [Inmate No. 2 redacted], the inmate you called as a witness, who stated, "The officer was at the front of the room and said if you got the phone just put it on the bed. It was dark I couldn't see Lacy. I was asleep when he first came in the room. Everyone was laying in their bed. I didn't hear anything hit the floor." Your witness's statement does not provide any exculpatory evidence that the cellular phone did not belong to you.
>
> Furthermore, you did not request any witnesses during the UDC hearing. It was not until after inmate [Inmate No. 2 redacted] came to SHU that you requested a witness from DHO. As a result, the DHO believes you had time to contrive a story with the witness.
>
> The DHO finds the reporting officer's statement more credible. Specifically, that he observed you with the cellular phone in your hand and that you reached under your locker and then handed it to him.
>
> The DHO weighed the facts of the case and based on the aforementioned evidence, finds you committed the prohibited act of Possession of a Hazardous Tool (Cellular Phone), Code 108.

(Id., p. 22.)

The record further reveals that the DHO Officer considered and rejected Petitioner's claim that the cell phone was not his and may have belonged to his cellmate. In McClung v.

Hollingworth, 2007 WL 1225946 (4th Cir. Apr. 26, 2007), the Fourth Circuit concluded that "since a dangerous weapon was discovered in a cell that was the 'exclusive domain' of McClung and his cellmate, the constructive possession rule provides the necessary 'some evidence' sufficient to sustain McClung's disciplinary conviction." McClung v. Hollingworth, 2007 WL 1225946, * 3 (4th Cir. Apr. 26, 2007); also see Reynolds v. Williamson, 197 Fed.Appx. 196 (3rd Cir. 2006)(despite petitioner's claim that he did not possess tools necessary to retrieve the weapon from the plumbing, the court found "some evidence" supported DHO's conclusion that petitioner was in constructive possession of weapon recovered from plumbing of the cell where petitioner and his cellmate were the only persons with access to plumbing and cellmate did not claim ownership of weapon); Scott v. Stewart, 2017 WL 1807139, * 3 (D.Md. May 5, 2017)(rejecting prisoner's due process challenge to the lack of DNA or fingerprint analysis to support a claim of construction possession); Gonzalez-Martinez v. Drew, 2011 WL 6982247 (D.S.C. Dec. 16, 2011)(finding "some evidence" to support the DHO's decision that petitioner was in possession of a weapon where the weapon was located under a locker in Petitioner's cell); Perez v. Rios, 2009 WL 499141 (E.D.Ky. Feb. 27, 2009)(finding sufficient evidence to support DHO's finding that because petitioner was in control of his cell area, he was in possession of a hazardous tool). Although Petitioner places much emphasis on the fact that the Incident Report and Photo Sheet cited a ZTE brand cell phone whereas the Chain of Custody Form referred to a Samsung brand cell phone, such does not discount the undisputed fact that a cell phone was located in Petitioner's cell. Petitioner was charged with Possessing a Hazardous Tool (cell phone). Petitioner acknowledges that during the "shakedown," he located a cell phone under his bed and handed the cell phone to CO Guerrero. The mere fact that there was a discrepancy in the

brand of the cell phone identified in the Incident Report and Photo Sheet (ZTE) verses the Chain of Custody Form (Samsung) does not mean there was not "some evidence" to support the DHO's decision. See Ray v. Masters, 2017 WL 975948 (S.D.W.Va. Feb. 13, 2017)(finding "some evidence" to support DHO findings even though petitioner claims someone planted the weapon in his cell and video footage should show "a number of other inmates [went] in and out of [his] cell on the day of the incident"); Edmonds v. Ziegler, 2014 WL 321050 (S.D.W.Va. Jan. 29, 2014)(finding "some evidence" to support the DHO findings even though inmate claimed he was unaware of the weapon and it must have been left prior to his assignment to the cell). As explained above, "it is not the job of the courts to assess the weight of the evidence" but "only to determine whether the guilty finding has support of some fact or any evidence at all." The DHO determined that Petitioner was guilty of possession a cell phone. Again, it is undisputed that a cell phone was located in Petitioner's cell. Thus, the specific brand of the cell phone is irrelevant as Petitioner was prohibited from possessing a cell phone no matter the brand. Based upon the foregoing, the undersigned finds sufficient evidence to support the DHO's decision.

### **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Document No. 2) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B),

and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: April 20, 2023.



Omar J. Aboulhosn
United States Magistrate Judge